```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

| | |
|---|---|
| **EUNICE MAGNUS,** | |
|         Plaintiff, | |
|    v. | |
| **ST. MARK UNITED METHODIST CHURCH; JON E. McCOY,** Senior Pastor and Representative of the Staff Parish Relations Committee of St. Mark United Methodist Church; and **JULIAN VALENTINE,** Chair, Personnel Committee of St. Mark United Methodist Church, | Case No. 10 C 380<br><br>Hon. Harry D. Leinenweber |
|         Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Defendants' Motion is granted in part and denied in part. Counts I, II, III, V, VI, VIII, and IX are dismissed with prejudice. Count VII is dismissed without prejudice. The Motion to Dismiss is denied on Count IV.

### I. BACKGROUND

#### A. Procedural Background

Eunice Magnus (the "Plaintiff") filed this suit against her former employer, St. Mark United Methodist Church ("SMUMC"), and, in

their individual capacities, SMUMC Senior Pastor Jon E. McCoy ("McCoy") and SMUMC Personnel Committee Chair Julian Valentine ("Valentine") (collectively, the "Defendants"). Plaintiff claims that Defendants violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.* (Counts I, II, and III); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Counts IV, V, and VI); and the Employment and Retirement Security Act § 510 ("ERISA"), 29 U.S.C. § 1140 (Counts VII, VIII, and IX).

On January 19, 2010, Plaintiff filed her initial Complaint, and Defendants entered a Motion to Dismiss on July 17, 2010. Plaintiff filed her Amended Complaint on August 13, and two weeks later Defendants filed their Reply. As noted in this Reply, Plaintiff did not file her Amended Complaint within 21 days of service of Defendants' Motion to Dismiss, and did not have written consent from Defendants or the Court's leave to file the late amendment, as required by Federal Rule of Civil Procedure 15(a)(2). Reply 1 n.1. However, because Defendants did not file a Motion to Strike Plaintiff's Amended Complaint, and the content of the Amended Complaint does not differ substantially from the initial Complaint, the Court will treat the Amended Complaint as superseding the Complaint.

**B. Facts**

Plaintiff, a resident of Cook County, Illinois, began her employment at Chicago-based SMUMC in June 2006. On January 27, 2009, Plaintiff reported to work late. She alleges that she informed

SMUMC, through McCoy, that she arrived late because her daughter had a medical emergency that required Plaintiff's attention. Plaintiff claims that her daughter has been diagnosed with "mental retardation, delusional, and attention deficit behaviors," and qualifies as a person with a disability under the ADA. Plaintiff further claims that, prior to January 27, 2009, Defendants asked her to work weekend hours. Plaintiff alleges that she "protested" such weekend hours because she needed to care for her disabled daughter. SMUMC terminated Plaintiff's employment on January 28, 2009.

Plaintiff filed a timely Equal Employment Opportunity Commission ("EEOC") charge, alleging that she was fired the day after her daughter's medical emergency because of her daughter's disability. Plaintiff checked a box on the EEOC Intake Questionnaire indicating that her employment discrimination claim was based on "disability." The EEOC closed its file on Plaintiff's charge on October 19, 2009, unable to conclude that the information provided by Plaintiff established statute violations.

Plaintiff requests that this Court order Defendants to cease and desist from employment discrimination, reinstate her to her position, and award her "back and front pay," benefits, damages, and fees. Defendants request that this Court dismiss Plaintiff's Complaint and Amended Complaint with prejudice and award costs.

### C. Issues

Before addressing the substance of each count in the Amended Complaint, the Court must express its frustration with its sloppy

drafting. For example, it includes two claims labeled "Count IV." Am. Compl. 9–11. Having navigated through the Amended Complaint, for purposes of this Memorandum Opinion and Order, the Court will refer to Plaintiff's claim "ADA Against Defendant SMUMC" as Count IV and "ADA Against Defendant Jon. E. McCoy" as Count V. As further proof of its poor drafting, the Amended Complaint includes two claims labeled "Count VII," and no "Count IX" despite it comprising nine claims. Am. Compl. 15–16. The Court will refer to "ERISA — § 510 Against Defendant SMUMC" as Count VII, "ERISA — § 510 Against Defendant Jon E. McCoy" as Count VIII, and "ERISA — § 510 Against Defendant Julian Valentine" as Count IX.

Turning to the Amended Complaint, Plaintiff claims that SMUMC violated Title VII by firing her in retaliation for her protest against working weekend hours due to the need to care for her disabled daughter (Count I). Plaintiff alleges substantively identical claims against McCoy and Valentine in their individual capacities (Counts II and III). Defendants argue that Count I is beyond the scope of Plaintiff's EEOC charge and should be dismissed with prejudice. Defendants further argue that Counts II and III, against McCoy and Valentine, should be dismissed with prejudice because Title VII does not subject individual defendants to liability.

Plaintiff claims that SMUMC violated the ADA because Defendants failed to allow for "distraction" and terminated her employment one day after she arrived late to work due to her disabled daughter's

medical emergency (Count IV).  Plaintiff also alleges substantively identical claims against McCoy and Valentine in their individual capacities (Counts V and VI).

In response, Defendants argue that Plaintiff has not pled facts sufficient to state an associational discrimination claim under the ADA because Plaintiff has not shown that Defendants' actions were motivated by her daughter's disability, rather than Plaintiff's tardiness.  Defendants further argue that Counts V and VI, against individual Defendants McCoy and Valentine, should be dismissed with prejudice because the ADA, like Title VII, does not impose liability upon individuals in their supervisory capacities.

Plaintiff claims that SMUMC violated ERISA by terminating her employment in order to "specifically retaliate and interfere with her rights under the [SMUMC] Employee Benefit Plan" (Count VII).  Plaintiff alleges substantively identical claims against McCoy and Valentine in their individual capacities (Counts VIII and IX).  Defendants argue that Plaintiff failed to plead any facts to support an ERISA § 510 claim and that Count VII should be dismissed with prejudice.  Defendants further argue that Counts VIII and IX should be dismissed with prejudice because ERISA § 501 does not subject individual defendants to liability.

## II. <u>**LEGAL STANDARD**</u>

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must "include sufficient facts to state a claim for relief that is plausible on its face."  *Justice v. Town of Cicero*, 577 F.3d

768, 771 (7th Cir. 2009). A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." F`ED`. R. C`IV`. P. 8(a). The Court accepts as true all well-pled facts alleged in the complaint and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although a complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Id.* at 555. Legal conclusions can provide a complaint's framework, but unless well-pled factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009).

### III. **DISCUSSION**

**A. Claims Against Individual Defendants McCoy and Valentine**

In Counts II, III, V, VI, VIII, and IX, Plaintiff alleges that Title VII, the ADA, and ERISA subject Defendants McCoy and Valentine to liability. Am. Compl. ¶¶ 23–27 (Count II), ¶¶ 28–32 (Count III), ¶¶ 38–42 (Count V), ¶¶ 43–47 (Count VI), ¶¶ 51–55 (Count VIII), ¶¶ 56–60 (Count IX). These individual Defendants, however, "who do not otherwise meet the statutory definition of 'employer' cannot be

[individually] liable" under the ADA or Title VII. *E.E.O.C. v. AIC Sec. Investigations, LLC*, 55 F.3d 1276, 1279-82 (7th Cir. 1995).

Under the ADA and Title VII, an "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b), § 12111(5)(A) (2006). These provisions impose *respondeat superior* liability on an employer for the acts of its agents and not liability on individuals. *E.E.O.C.* at 1279, 1281; *see also*, *Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) ("[T]he ADA provides only for employer, not individual, liability. . . . [A] supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."). Likewise, ERISA § 510 claims "lie only against . . . [an] employer" and do not provide for individual liability. *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 161 (11th Cir. 1992).

The present case offers a textbook example of attempting to impose the type of individual liability upon McCoy and Valentine that neither Title VII, the ADA, nor ERISA permit. Plaintiff's argument that because individual Defendant's alleged discrimination was illegal and therefore they acted outside the scope of their employment still would not subject them, as individuals, to liability under Title VII, the ADA, or ERISA. If the Court accepts this argument, it would have to ignore the substantial body of case law holding that these statutes do not subject supervisors to individual liability. In addition, the fact that SMUMC is either an incorporated or unincorporated Illinois entity, as another example of

the sloppy pleadings in the Amended Complaint, Paragraphs Four and Five contradict each other and allege that it is both, would not factor into McCoy and Valentine's individual liability under Title VII, the ADA, or ERISA. Therefore, Counts II, III, V, VI, VIII, and IX are dismissed with prejudice.

### B. Title VII Retaliation Claim Against SMUMC

Title VII prohibits discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Disability is not a protected class under Title VII. A plaintiff may establish a claim of retaliation Under Title VII using direct evidence of discrimination or, alternatively, under the indirect method by showing "(1) that she engaged in a protected activity; (2) that she was subject to an adverse employment action; (3) that she was performing her job satisfactorily; and (4) that no similarly situated employee who did not engage in protected activity suffered an adverse employment action." *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006).

In this case, Plaintiff bases her retaliation claim on the allegations that she was fired for protesting her employer's request that she work weekend hours. Am. Compl. ¶ 19. She claims that her protest is a protected activity because it relates to her association with her disabled daughter. *Id.* Nowhere does she allege that her race, color, religion, sex, or national origin factored into her termination. As stated, Title VII does not include disability as a protected class, so Plaintiff has not properly pled a retaliation

- 8 -

claim under the statute.  Therefore, the Court dismisses Count I with prejudice.

### C. ADA Discrimination Claim Against SMUMC

Count IV alleges that Defendant SMUMC "created, tolerated and fostered a culture of disability discrimination" and intentionally discriminated against her based on her association with her disabled daughter.  Am. Compl. ¶¶ 34-35.  The ADA prohibits any "covered entity [from] discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "[E]xcluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association" is within the scope of discrimination prohibited by this section.  *Id.* § 12112(b)(4).  To establish an ADA claim, Plaintiff must allege facts sufficient for association discrimination, including that:

> (1) the plaintiff was "qualified" for the job at the time of the adverse employment action;
>
> (2) the plaintiff was subjected to adverse employment action;
>
> (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; and

> (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

*Larimer v. Int'l Bus. Machs. Corp.*, 370 F.3d 698, 701 (7th Cir. 2004) (internal quotation omitted). For the first element, Plaintiff alleges that she was qualified because SMUMC had not reprimanded her for her work ethic or job performance, and she received a five percent pay raise for her job performance two weeks prior to her termination. Am. Compl. ¶¶ 9, 36. In this context, the term "qualified" has been interpreted to mean "qualified to do one's job." *Larimer* at 700. She has sufficiently pled this element.

In satisfaction of the second element, Plaintiff states that her employment was terminated on January 28, 2009; this constitutes an adverse employment action. Am. Compl. ¶ 9. Next, to establish the third element, Plaintiff claims that her daughter is disabled, in that she is "mentally retarded" and displays "delusional and attention deficit behaviors." *Id.* at ¶ 12. Plaintiff further alleges that SMUMC was aware of her daughter's disability because she told Defendant McCoy that she arrived late to work on January 27, 2009, due to her daughter's medical emergency, as well as because she protested working weekend hours based on her need to care for her daughter. *Id.* at ¶¶ 14, 19. Given these alleged facts, Plaintiff has adequately pled this element.

Turning to the fourth element, the Seventh Circuit has stated that three types of situations -- "expense, disability by

association, or distraction" -- are within the "intended scope of the association section," and may indicate that an employer has a motive to discriminate against a non disabled employee based on their association with a disabled person. *Larimer*, 370 F.3d at 700. Here, Plaintiff alleges that her allegations fall within the distraction category. Am. Compl. ¶ 36 ("SMUMC . . . failed or refused to allow for distraction at workplace."). A "distracted" employee may be "somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours." *Larimer*, 370 F.3d at 700.

In *Larimer*, the court found that an employee was not distracted because there "was no evidence that [he] was absent or distracted at work because of his wife's pregnancy or the birth and hospitalization of his daughters." *Id.* at 701. In contrast, Plaintiff suggests a connection between her daughter's disability and her termination by alleging that her absence from work on January 27, 2009, was due to her daughter's medical emergency. Am. Compl. ¶ 36. This single incident, which could qualify as a distraction, occurred just one day prior to Plaintiff's termination. At this stage of the litigation, these pleadings satisfy the fourth element of an ADA association claim.

The Court acknowledges that SMUMC's refusal to accommodate Plaintiff's request to not work weekends on account of her daughter's

disability does not provide a ground for an ADA employment discrimination claim, because the right to accommodation does not extend to the mother of a disabled person. *See Larimer*, 370 F.3d at 700. In addition, Plaintiff has not sufficiently pled that a hostile work environment against disability existed at SMUMC which would warrant a claim under the ADA. Plaintiff, however, by presenting the circumstances that surrounded her firing, has satisfied the pleading standard for an ADA claim. The Court therefore denies Defendants' Motion to Dismiss Count IV.

### D. ERISA § 510 Claim Against SMUMC

To establish a loss of benefits claim under ERISA § 510, a plaintiff must plead facts sufficient to demonstrate that her employer terminated her employment with the specific intent of preventing or retaliating for the use of benefits. *Lindemann v. Mobil Oil Corp.,* 141 F.3d 290, 295 (7th Cir. 1998). Alternatively, a plaintiff may also assert a prima facie case indirectly by alleging "that she (1) belongs to the protected class; (2) was qualified for [her] job position; and (3) was discharged or denied employment under circumstances that provide some basis for believing that the prohibited intent to retaliate or to prevent the use of benefits was present." *Isbell v. Allstate Ins. Co.,* 418 F.3d 788, 796 (7th Cir. 2005) (internal quotations omitted).

Plaintiff's Amended Complaint does not plead these basic facts. Instead, it recites the statutory language without alleging facts that suggest Defendants had the specific intent to prevent or

retaliate against Plaintiff for her use of benefits under an employee benefit plan. Plaintiff alleges that "Defendant SMUMC intentionally terminated Plaintiff . . . knowing full well that termination . . . will deprive her . . . of rights or benefits under the Employee Benefit Plan." Am. Compl. ¶¶ 49-50. Rather than allege facts sufficient to state a plausible claim, Plaintiff has merely made the type of conclusory statements deemed insufficient to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1940. Count VII is dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is **granted in part and denied in part.** Counts I, II, III, V, VI, VIII, and IX are dismissed with prejudice. Count VII is dismissed without prejudice. The Motion to Dismiss is denied with regard to Count IV. **IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:**　　10/19/2010