Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 380 | **DATE** | 2/2/2012 |
| **CASE TITLE** | Magnus vs. St. Mark United Methodist Church | | |

**DOCKET ENTRY TEXT**

For the reasons given below, the Court awards Defendant $836.25 pursuant to its Bill of costs.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant St. Mark United Methodist Church's Bill of Costs, brought pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1. These rules allow for recovery of the litigation costs specified in 28 U.S.C. § 1920.

Defendant St. Mark United Methodist Church ("the Church") prevailed over Plaintiff Eunice Magnus at summary judgment on November 10, 2011. On December 9, 2011, Defendant filed a timely Bill of Costs, seeking $1,271.08 for court reporter and transcript fees, copies, and postage.

Plaintiff raises two frivolous objections to the Bill of Costs. First, contrary to Plaintiff's interpretation of the local rule, the summary judgment order need not expressly provide for costs to make costs properly recoverable. *Benet v. Schwartz*, No. 93 C 7295, 1995 WL 549125, at *2 (N.D. Ill. September 08, 1995). Second, again contrary to Plaintiff's misreading, recoverable transcript costs are not limited to transcripts used to seek a new trial, amended findings, or an appeal. Carefully read, the local rule provides that transcript costs are recoverable by a prevailing party if they were used in a case *or* for any of the reasons Plaintiff lists. Local Rule 54.1. The two depositions taken here were central to the motions for summary judgment, and recovering transcript costs is thus appropriate.

Plaintiff indirectly raises the objection that the requested transcript costs may exceed the maximum rate set by the Judicial Conference of the United States. In response, Defendant correctly notes that the rate for the original transcript of Magnus's deposition was $3.25 per page, within the permissible range. Defendant concedes, however, that the copy of Rev. McCoy's deposition transcript was $2.90 per page, which exceeds the Judicial Conference rate of $.90 per page. Defendant argues that it should receive the higher amount, because Plaintiff chose the court reporter. However, there is no indication that Defendant objected to that choice. Accordingly, the Court will reduce the taxable amount for the transcript copy of Jon McCoy's deposition to $.90 per page. Multiplied by the 193 pages of the deposition, this change reduces Defendant's recoverable deposition costs from $1,213.70 to $827.70.

Although they are not challenged by Plaintiff, certain other of Defendant's proposed costs will be

| STATEMENT |
|---|

disallowed. Postage expenses, for example, are not listed as recoverable in the statute and constitute ordinary overhead, and not taxable costs. 28 U.S.C. § 1920; *American Safety Cas. Ins. Co. v. City of Waukegan*, No. 07 C 1990, 2011 WL 6437535, at *10-11 (N.D. Ill. Dec. 20, 2011). Accordingly, Defendant's requested $18.40 worth of postage costs will be disallowed.

Some of Defendant's copying costs must similarly be disallowed. Defendant seeks $38.98 in photocopying costs. The charged copies include exhibits at Plaintiff's deposition, and copies of Plaintiff's discovery requests and documents which defense counsel gave to the Church. The $8.55 worth of expenses that counsel incurred in making copies to give to the Church are taxable costs. *See Oil, Chemical and Atomic Workers Intern. Union No. 7-765*, No. 88 C 2082, 1991 WL 38247, *1 (N.D. Ill. March 19, 1991). However, the cost of copying deposition exhibits is generally not recoverable if those documents were already in that party's possession. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). Because defense counsel copied the exhibits the day before the depositions, it appears that Defendant already possessed the exhibits; the $30.43 spent to copy them is therefore not recoverable.

Accordingly, the Court awards Defendant the following:

| | |
|---|---|
| Photocopies of discovery documents for the Church | $ 8.55 |
| Court reporter attendance fees for depositions | $ 160 |
| Transcript of Plaintiff's deposition (152 original pages at $3.25 each) | $ 494 |
| Transcript of Defendant's deposition (193 copy pages at $.90 each) | $ 173.70 |
| **Total** | **$ 836.25** |